IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KARL MANUEL, | § | |
| | § | |
| Defendant Below, | § | No. 423, 2020 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1605013801 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 20, 2021
Decided: September 23, 2021

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

**O R D E R**

(1) The appellant, Karl Manuel, has appealed the Superior Court's denial of his first motion for postconviction relief under Superior Court Criminal Rule 61. After careful consideration of the parties' briefs and the record, we affirm the Superior Court's judgment.

(2) After a bench trial, the Superior Court convicted Manuel of possession of a firearm by a person prohibited, possession of ammunition by a person prohibited, carrying a concealed deadly weapon, and failure to wear a seatbelt. The charges arose after Wilmington Police Department Detective Rosaio conducted a pat-down search of Manuel and seized a handgun in Manuel's pants pocket.

Detective Rosaio was the only witness at trial. This Court affirmed on direct appeal.[1]

(3) Manuel then filed a timely motion for postconviction relief. The Superior Court granted Manuel's motion for appointment of postconviction counsel on April 25, 2019. On November 12, 2019, Manuel's postconviction counsel moved to withdraw, indicating that he had not identified any grounds for postconviction relief that he could ethically advocate. After further briefing from Manuel and the State and an expansion of the record to include an affidavit from trial counsel, the Superior Court denied the motion for postconviction relief and granted postconviction counsel's motion to withdraw.

(4) Manuel has appealed to this Court. On appeal, he asserts that his trial counsel provided ineffective assistance; the Superior Court erred by denying his motion for a judgment of acquittal, based on a purported discrepancy between the description of the caliber of the firearm in the indictment and the testimony at trial; and the State failed to produce photos of the firearm, despite Manuel's request for such photos.

(5) This Court reviews the Superior Court's denial of a motion for postconviction relief for abuse of discretion.[2] We review legal or constitutional questions, including claims of ineffective assistance of counsel, *de novo*.[3] The Court

---

[1] *Manuel v. State*, 2018 WL 2127136 (Del. May 8, 2018).
[2] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013).
[3] *Id.*

considers the procedural requirements of Rule 61 before addressing any substantive issues.[4] As the Superior Court correctly determined, Manuel's claim that the Superior Court erroneously denied the motion for a judgment of acquittal is procedurally barred because it was previously adjudicated on direct appeal.[5] Manuel's claim that the State withheld photos of the firearm in violation of *Brady v. Maryland*[6] is barred because he did not assert it in the proceedings leading to the judgment of conviction,[7] nor did he present that claim to the Superior Court in the postconviction proceedings.[8] As the Superior Court also correctly determined, Manuel's claims of ineffective assistance of counsel are not procedurally barred.[9]

(6)     In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that (i) his defense counsel's representation fell below an objective standard of reasonableness, and (ii) there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been

---

[4] *Bradley v. State*, 135 A.3d 748, 756-57 (Del. 2016).

[5] DEL. SUPER. CT. CRIM. R. 61(i)(4).

[6] 373 U.S. 83 (1963).

[7] DEL. SUPER. CT. CRIM. R. 61(i)(3). Manuel has not demonstrated that any photos of the firearm existed or how such photos would have been favorable to Manuel under *Brady*. *See Brady*, 373 U.S. at 87 ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment . . . ."). Thus, Manuel has not shown any prejudice to overcome the procedural bar. DEL. SUPER. CT. CRIM. R. 61(i)(3)(B).

[8] DEL. SUPR. CT. R. 8.

[9] *See Green v. State*, 238 A.3d 160, 175 (Del. 2020) ("[I]neffective-assistance claims are not subject to Rule 61(i)(3)'s bar because they cannot be asserted in the proceedings leading to the judgement of conviction under the Superior Court's rules and this Court's precedent.").

3

different.[10]  Although not insurmountable, there is a strong presumption that counsel's representation was professionally reasonable.[11]  A defendant must also make concrete allegations of actual prejudice to substantiate a claim of ineffective assistance of counsel.[12]

(7)  Manuel claims that his trial counsel provided ineffective assistance by failing to file pretrial motions, including a motion to suppress.  The Superior Court rejected this claim, concluding that the facts did not provide a basis for a motion to suppress.  On appeal, Manuel still does not explain what grounds existed for a motion to suppress, and our review of the record has found none.  Manuel therefore has not established that counsel's performance was deficient or that he was prejudiced by counsel's failure to file a motion to suppress.

(8)  Manuel also contends that his trial counsel provided ineffective assistance by failing to subpoena an officer, Corporal Law, and his supervisor to testify at trial.  Corporal Law test fired a weapon and wrote a report that described the caliber of the weapon differently than the description provided at trial by Detective Rosaio, who conducted the traffic stop of Manuel, found the weapon during a pat-down, and was the only witness at trial.  The Superior Court held that Manuel failed to demonstrate that trial counsel's performance was deficient under

---

[10] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).
[11] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).
[12] *Bradley v. State*, 135 A.3d 748, 760 (Del. 2016).

*Strickland* because Corporal Law and his supervisor could not have provided any testimony that was helpful to Manuel. We agree. In his testimony at trial, Detective Rosaio clearly and unequivocally identified the firearm and stated that it was the only black-and-purple gun that he had encountered in his career; the evidence at trial did not even refer to a test firing of the weapon. Manuel has not demonstrated how any testimony by Corporal Law would have helped Manuel or changed the result at trial. He therefore has shown neither deficient performance nor prejudice under *Strickland*.

(9)    To the extent that Manuel asserts ineffective assistance of counsel on other grounds, those claims were not fairly presented to the Superior Court in the first instance.[13]  In any event, we find them to be without merit.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
                  Justice

---

[13] DEL. SUPR. CT. R. 8.